UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62204-BLOOM/Valle

JENNIFER M. JANIVER

    Plaintiff,

v.

SEMINOLE HARD ROCK HOTEL CASINO,

    Defendant.
_____/

## ORDER ON MOTION TO REOPEN THE CASE

**THIS CAUSE** is before the Court upon Plaintiff, Jennifer M. Janiver's ("Plaintiff"), Motion to Reopen the Case, ECF No. [12] ("Motion"), filed on January 10, 2020. The Court has considered the Motion, the record in the case, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Plaintiff initiated this lawsuit on June 11, 2019 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida and styled as *Jennifer M. Janiver v. Seminole Hard Rock Hotel Casino*, Case No. CACE-19-12074. ECF No. [1]. Defendant removed the case to this Court on September 4, 2019. *Id.* Plaintiff's Complaint purported to allege a cause of action for employment discrimination based on race and national origin under Title VII for an alleged incident that occurred when she applied for a position as a customer sales representative with the Seminole Tribe of Florida on or about January 1, 2019. *See id.* at ECF No. [1-2]. According to the Complaint, Plaintiff spoke to a woman in the human resources department about the customer service representative position, but the woman spoke to her "in a loud, rude voice and said to [her]

that [she] can only work in the back to do dishes." *Id.* Plaintiff maintained that she was discriminated against based on her "race (Black) and national origin (Haiti)." *Id.*

On September 11, 2019, Defendant filed its Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, or in the Alternative, Failure to State a Claim upon which Relief Can Be Granted (Dispositive Motion, ECF No. [4] ("Motion to Dismiss"). The Motion to Dismiss explained that the correct legal entity for Defendant was the Seminole Tribe of Florida, not the Seminole Hard Rock Hotel Casino, which is not a separate legal entity nor a proper fictitious name of the Seminole Tribe of Florida. *See id.* The Motion to Dismiss' arguments for dismissal were two-fold: (1) the Court lacks subject matter jurisdiction over the action because Defendant is a federally recognized Indian tribe exempt from suit under Title VII and there has been no waiver of the tribe's sovereign immunity; and (2) Plaintiff failed to allege that she properly and timely exhausted her administrative remedies prior to filing the lawsuit, which is a precondition to bring an action under Title VII, and that Plaintiff's Complaint otherwise failed to state an actionable claim. *See id.*

Plaintiff's response to the Motion to Dismiss was originally due on September 25, 2019. Plaintiff failed to file a response by that deadline, and the Court ordered her to file a response to the Motion to Dismiss no later than October 2, 2019. ECF No. [8]. The Court advised Plaintiff that, pursuant to Local Rule 7.1(c), failure to respond to the Motion to Dismiss "may be deemed sufficient cause for granting the motion by default." *Id.*

Plaintiff neither filed an opposition by the extended deadline, nor requested an extension of time by which to do so. On October 3, 2019, the Court reviewed the Motion to Dismiss and granted it by default. ECF No. [10]. The Court also reviewed the merits of the Motion to Dismiss and found good cause to dismiss the Complaint. In particular, the Court agreed that it lacked

subject matter jurisdiction over the action because "Title VII, by its own terms, does not apply to Indian Tribes, therefore, absent a showing that the Defendant has waived sovereign immunity," no subject matter jurisdiction exists. *See id.* Because there was no evidence presented that Defendant had waived sovereign immunity, the Court found Defendant's first argument to be dispositive and dismissed the lawsuit without addressing Defendant's additional dismissal arguments. *Id.*

Turning to the instant Motion, which is split between a handwritten portion and a typed portion, Plaintiff represents that she was "tremendously depressed and didn't have enough strength to talk to the lawyer at the time and state[] to the lawyers that she will call them for a following [sic] as she feel[s] stronger and better." ECF No. [12] at 1. She adds that during August 2019, she "felt like someone harm[ed] her reputation" by making a "false and defamatory statement concerning her in public wise [sic] by other casinos and other public parking." *Id.* at 2. In the typed portion of the Motion, Plaintiff explains that since the lawsuit was incepted, she has incurred "more harassment from public or community" and feels "unwelcome in this State." *Id.* at 3. She also appears to describe an undated and unelaborated incident where she went to a certain unspecified location to "relax or entertain" herself but was removed by security. *See id.* According to Plaintiff, this experience made her feel "brutal humiliations, insults and discriminations" and "tremendous emotional distress." *Id.*

The remainder of the typed portion of the Motion purports to reallege a cause of action for discrimination in violation of Title VII. *See id.* at 4-6. While somewhat difficult to follow, Plaintiff asserts that she applied for a position in customer service with Defendant three times between 2017 and 2019 but was not hired. She represents that on January 1, 2019, she spoke with human resources about her application, but was humiliated, insulted, and spoken to in a loud voice in front of other applicants and was told that she could work only in the back to wash dishes. *See id.* at 4-

5. Plaintiff argues that the human resource agent's "body language entitle[s] Plaintiff to claim [her] CIVIL RIGHTS[,]" *id.* at 5, and she posits that the encounter was discriminatory. *Id.*

Plaintiff further alleges that a charge of discrimination was filed with the Equal Employment Opportunity Commission alleging racial discrimination, and that a Notice of Right to Sue Letter was issued on June 22, 2019.[1] *Id.* at 5. She also asserts that "racial discrimination is deeply embedded in the Seminole Hard Rock Casino." *Id.* at 6. In fact, she contends that racial slurs were "use[d] in body language" ways. *Id.* Plaintiff, accordingly, requests the Court to enter judgment against Defendant even though the document is styled as a motion to reopen the case.

With this background, the Court has carefully re-reviewed the record in this matter. Upon review, the Court denies the Motion. The Motion is procedurally deficient and substantively lacking. Regarding the procedural component, the Motion fails to show that it was served on Defendant. For example, the handwritten portion does not provide in the Certificate of Service area that the Motion was ever mailed or served on anyone let alone Defendant. *See* ECF No. [12] at 2. Service of a written motion must be made on an opposing party. *See* Fed. R. Civ. P. 5(a)(1)(D); S.D. Fla. L.R. 5.2(a). Further, Plaintiff was previously advised by the Court that "[a]ll papers filed with the Clerk of Courts must also be served on the opposing counsel[.]" *See* ECF No. [7] at ¶ 3. This alone constitutes a sufficient basis to deny the Motion.

Regarding the substantive component, the Court finds that its previous rulings concerning the Court's lack of subject matter jurisdiction to adjudicate Plaintiff's Title VII claim are equally applicable in this setting. *See* ECF No. [10]. The Motion appears to reassert Plaintiff's allegations

---

[1] Plaintiff represents that the Notice of Right to Sue letter was attached to the Motion as Exhibit A. However, the document that she attaches is a one-page medical record dated September 29, 2019 listing medications that Plaintiff is instructed to take and several medical providers that she is to consult. *See* Motion at 7.

that Defendant engaged in racial and national origin employment discrimination against her. The Court finds no basis to alter its earlier determination.

Accordingly, it is **ORDERD AND ADJUDGED** that Plaintiff's Motion to Reopen the Case, ECF No. [12], is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 31, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jennifer M. Janiver
P.O. Box 290141
Fort Lauderdale, FL 33329
PRO SE